UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROGRESSIVE PROPERTIES,<br><br>      Plaintiff,<br><br>vs.<br><br>LIBRETY MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | CIVIL ACTION NO.:<br><br>PETITION FOR REMOVAL |

TO: Clerk of Court
   United States District Court for the District of New Jersey
   Martin Luther King Building & U.S. Courthouse
   50 Walnut Street
   Newark, NJ 07101

WITH NOTICE TO:

   Michael T. Buonocore, Esq.
   Paul L. LaSalle, Esq.
   Merlin Law Group, P.A.
   125 Half Mile Road, Suite 201
   Red Bank, NJ 07701
   Counsel to Plaintiff

  The defendant, Ohio Security Insurance Company improperly pled as "Liberty Mutual Insurance Company" (hereinafter "Ohio Security") by and through their counsel, Lewis Brisbois Bisgaard & Smith, respectfully states as follows:

  1. The above defendant has been named in an action now pending in the Superior Court of New Jersey, Law Division, Morris County, under docket no. MRS-L-2232-18, entitled: <u>PROGRESSIVE PROPERTIES INC., vs. LIBERTY MUTUAL INSURANCE COMPANY</u>

4838-7821-2739.1

2. The above action was commenced by the filing of a Complaint on or about November 12, 2018. A true copy of the Complaint is annexed hereto as Exhibit "A".

3. The above action by Plaintiff against Ohio Security is for alleged benefits owed to Plaintiff under its insurance policy due to alleged property damage sustained to Plaintiff's roof and the interior of the premises due to alleged ice damming on or about March 16, 2017. See Exhibit A.

4. The subject premises are located in Randolph, New Jersey. See Exhibit A.

5. Ohio Security was served with the aforementioned complaint on or about November 19, 2018. This was the defendant's first notice of this suit. A true copy of the Affidavit of Service is annexed hereto as Exhibit "B".

6. As such, this Petition is timely pursuant to 28 U.S.C. §1446 as it is filed within thirty (30) days of the defendants' first notice of this suit.

7. The instant petition is being filed pursuant to 28 U.S.C. § 1332 (a) which states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

8. The Complaint fails to state an amount in controversy, however Plaintiff has provided an estimate to Ohio Security alleging damages in the amount of $183,060.39. A true copy of the K & L Roofing and Construction Estimate is annexed hereto as Exhibit "C".

9. Moreover, Plaintiff's complaint alleges a bad faith count against Ohio Security and seeks punitive damages.

10. Upon information and belief and per Plaintiff's Complaint, Plaintiff is a Corporation under the laws of the State of New Jersey. See Exhibit A.

11. Defendant, Ohio Security Insurance Company is a corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts, 02116.

12. Ohio Security is the only identified Defendant in the Complaint.

13. Accordingly, diversity of citizenship exists between Plaintiff and defendant pursuant to 28 U.S.C. § 1332 (b).

14. Based upon the above, this action may be removed to this Court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.

15. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

16. As a result of the above, this Notice of Removal is timely and filed within the 30 days of receipt of all information rendering the matter removable in accordance with the Federal Courts Jurisdiction and Venue Act and 28 U.S.C. §1446(b(3).

17. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings served upon the defendants in that action are attached hereto as Exhibit A.

**WHEREFORE**, defendant requests that the action described in Paragraph 1 and currently pending in the Superior Court of New Jersey, Law Division, Morris County, be removed to this Court.

                                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                      **Counsel for Defendant Ohio Security Insurance Company i/p/a "Liberty Mutual Insurance Company"**

By: _____/s/_____
      Kurt H. Dzugay

Dated: December 18, 2018

## CERTIFICATION OF SERVICE

1. I, Jessica Rabkin, Associate employed by the law firm of Lewis Brisbois Bisgaard & Smith, attorneys for Ohio Security.

2. On December 18, 2018 I caused to be filed the within Notice of Filing of Petition for Removal and Notice of Petition for Removal of Case from the Superior Court of New Jersey, Law Division, Morris County, to be filed with the United States District Court for the District of New Jersey via ECF.

3. On this same date, I caused one copy of these papers to be served via Federal Express upon:

Michael T. Buonocore, Esq.
Paul L. LaSalle, Esq.
Merlin Law Group, P.A.
125 Half Mile Road, Suite 201
Red Bank, NJ 07701
Counsel to Plaintiff

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____/s/_____
Jessica Rabkin

Dated: December 18, 2018

4838-7821-2739.1