Michael T. Buonocore, Esq. (NJ Bar I.D. No.: 063952013)
Paul L. LaSalle, Esq. (N.J. Bar I.D. No.: 029462006)
**MERLIN LAW GROUP, P.A.**
125 Half Mile Road, Suite 201
Red Bank, New Jersey 07701
(T) 732-704-4647
(F) 732-704-4651
*Attorneys for Plaintiff*

| | |
|---|---|
| PROGRESSIVE PROPERTIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – MORRIS COUNTY <br><br> DOCKET NO.: <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, PROGRESSIVE PROPERTIES, INC. (hereinafter "Plaintiff"), by and through its attorneys, by way of Complaint against Defendant, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "Defendant"), states as follows:

### NATURE OF THE CASE

1. This is an action by Plaintiff against its insurance carrier, Defendant, for benefits owed under its policy which have not been fully paid.

2. Plaintiff purchased an "all risk" insurance policy from Defendant, which covers all risks of direct physical loss unless excluded under the policy.

3. On March 16, 2017, Plaintiff's property sustained damages to its roof, as well as the interior of the premises, due to ice damming following a winter storm.

4. Defendant failed to pay Plaintiff the damages due and owing under the insurance policy, and further acted in violation of the implied duty of good faith and fair dealing contained in the insurance policy, further damaging the Plaintiff.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1     1

## PARTIES

5. Plaintiff is a Corporation under the laws of the State of New Jersey.

6. At all material times hereto, Defendant is a Corporation authorized to do business in the State of New Jersey.

## JURISDICTION AND VENUE

7. Defendant is subject to the jurisdiction of this Court because it issued an insurance policy, which was to be performed in the State of New Jersey, and the Defendant failed to pay benefits to the Plaintiff.

8. Subject-matter jurisdiction is proper in the Law Division pursuant to New Jersey Rules of Civil Procedure R. 4:3-1(a)(4).

9. Venue is properly laid in Morris County pursuant to New Jersey Rules of Civil Procedure R. 4:3-2(b), because the subject property is located within Morris County and the Defendant voluntarily insured property located in Morris County.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff, at all relevant times, was the owner of certain real property located at 477 Route 10 East, Randolph, New Jersey (the "Property").

11. Plaintiff purchased an insurance policy, effective from December 30, 2016 to December 30, 2017 (the "Policy"), from Defendant, which covered the Property.

12. All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

13. The Policy includes insurance coverage for, *inter alia*, the risk of direct physical loss to the covered property, including ice damming.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1                                  2

14. The Policy includes insurance coverage for Plaintiff's business personal property from the risk of direct physical loss, including ice damming.

15. The Policy includes insurance coverage for loss of use from the risk of direct physical loss, including ice damming.

16. On or about March 16, 2017, the roof and interior premises of the Property sustained damages as a result of ice damming.

17. Plaintiff promptly submitted an insurance claim to Defendant for the damage to the Property caused by the ice damming.

18. Defendant assigned Claim Number 23281760 to Plaintiff's claim.

19. Defendant sent an adjuster to evaluate the damage to the Property associated with the ice damming.

20. Defendant has failed and refused to promptly or properly adjust the Plaintiff's losses from the ice damming.

21. Plaintiff has suffered damages from the ice damming for which Defendant has failed to pay.

22. Plaintiff has demanded payment pursuant to the terms of the Policy.

23. Defendant has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policy.

24. Defendant's failure and/or refusal to pay the insurance proceeds due and owing under the Policy constitutes a breach of the express terms of the insurance contract.

25. Plaintiff has done and performed all those matters and things properly and reasonably required and requested of it under the Policy.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1

3

26. As a direct result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer financial damages.

27. As a direct result of Defendant's breach of the insurance contract, Plaintiff was required to become obligated for attorney's fees and costs in connection with the prosecution of this action.

## COUNT ONE

## Breach of Contract

28. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 27 as if set forth in full herein.

29. Plaintiff and Defendant entered into an insurance contract whereby Defendant promised to pay for covered damages to Plaintiff's property.

30. Plaintiff's property sustained covered losses caused by ice damming on or about March 16, 2017.

31. Plaintiff has demanded payment pursuant to the terms of the Policy.

32. Defendant has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policy.

33. Defendant's failure to pay the insurance proceeds is a breach of the express terms of the contract.

34. As a result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant on Count One for:

(a) Compensatory damages;

(b) Consequential damages;

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1                4

(c) Pre-judgment interest and post-judgment interest;

(d) Costs of suit;

(e) Attorneys' fees; and

(f) For such other relief as the court may deem equitable and just.

## COUNT TWO

### Breach of Implied Covenant of Good Faith and Fair Dealing

35. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 34 as if set forth in full herein.

36. Plaintiff and Defendant entered into an insurance contract whereby Defendant promised to pay for covered damages to Plaintiff's property.

37. That contract includes an implied covenant of good faith and fair dealing. This covenant includes, but is not limited to duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered losses.

38. Rather than carrying out its contractual, statutory, regulatory and ethical duties to fully investigate, adjust and indemnify Plaintiff for covered damages, Defendant committed acts during the adjustment of Plaintiff's claim that were not in "good faith." These wrongful acts include, but are not limited to:

   a. Wrongfully taking the position that the Property did not sustain damages due to ice damming without any factual evidence to support such a contention;

   b. Illogically paying Plaintiff for ice damming damages to the interior of the Property, while failing to compensate Plaintiff for damage to the Property's roof;

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1                    5

c. Failing to pay Plaintiff the full amount owed under the Policy based on palpably insufficient and/or incomplete information as to the condition of the Property;

d. Using an unsupported conclusion of the condition of the Property as an excuse and pretext for wrongfully refusing to fully indemnify Plaintiff for the claim;

e. Failing to timely pay Plaintiff for its valid claim;

f. Acting in reckless disregard for its obligations to Plaintiff under the Policy;

g. Accepting premiums from Plaintiff without any intention to pay monies for covered losses;

h. Falsely telling Plaintiff its ice damming damages were not covered despite evidence it was;

i. Unilaterally denying Plaintiff's covered loss without proper investigation;

j. Falsely misrepresenting to Plaintiff what its responsibilities were under the policy;

k. Misrepresenting and/or omitting pertinent facts relating to the coverages and/or facts of Plaintiff's loss, so as to provide an illegitimate basis for the denial of Plaintiff's claim, including the obligations of both Plaintiff and Defendant during the adjustment of the claim; and

l. Engaging in improper actions to avoid, limit and/or delay payment of Plaintiff's covered loss.

39. Defendant's actions are a breach of the implied covenant of good faith and fair dealing.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1

6

40. Defendant knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of its rights and reasonable expectations under the insurance contract.

41. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant on Count Two for:

(a) Compensatory damages;

(b) Consequential damages;

(c) Pre-judgment interest and post-judgment interest;

(d) Costs of suit;

(e) Punitive damages;

(f) Attorney's fees; and

(g) For such other relief as the court may deem equitable and just.

### CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court, is not the subject of a pending arbitration proceeding, and is not the subject of any other contemplated action or arbitration proceeding.

### CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

**MERLIN LAW GROUP, PA**
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Michael T. Buonocore, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

Date: November 13, 2018

MERLIN LAW GROUP, P.A.

By: _____
Michael T. Buonocore, Esq.
Paul L. LaSalle, Esq.
*Attorneys for Plaintiff*

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 201
Red Bank, New Jersey, 07701
www.Merlinlawgroup.com

T2056649.DOCX;1                    8